Gunter, J.
This suit by plaintiff in error in its own behalf-as a creditor of Lass, Rudowsky & Hudgins, and in behalf of other creditors, is to reach property claimed to have been conveyed to defendants in error, Engle and Carter, to defraud creditors. Judgment below for defendants.
Lass, Rudowsky & Hudgins owned three stores, located respectively at Como, Breckenridge and New Castle. These were attached in suits, First National Bank of Central City against the firm, and Mrs. Rudowsky against the same. These suits merged into judgments and executions were levied upon the stocks. A third suit, same defendant, was that of Engle Brothers Exchange Bank, attachment out of which was levied upon the three stores, the suit merging into judgment. At the sale of the Como and Breckenridge stores, under execution in favor of the First National Bank of Central City, sufficient was realized to satisfy the execution, Carter, as trustee *158 for Engle, Leing the" purchaser." The New Castle stock was sold under execution on the Engle’ Brothy ers Bank judgment,.. and’ a. sufficient sum realized' to,satisfy the Rudowsky judgment, and .to apply about $40.0.00 upon the execution in favor, of Engle Brothers Exchange Bank judgment; Carter, as trustee of Engle, being also the purchaser at this'sale.
Plaintiff in error cannot successfully assault these sales, upon the ground of’fraud charged,.without connecting defendants, Carter .and Engle, therewith-. ■ While there- was-testimony that Hudgins and Rudowsky, two members of the firm of Lass, Rudowsky & Hudgins,, agreed together that a fraudulent sale should be made, yet there is no testimony that either Carter or Engle was ever consulted relative, to such sale, or ever agreed to become, or did become, parties to such a sale. In truth, the fraudulent sale which Rudowsky says was planned between him and Hudgins was never made. Two of the stores were offered for sale under the execution in favor of the. First National’ Bank of Central City, Engle Brothers Exchange Bank (being for the purpose of this suit George Engle), a junior execution creditor, through Carter, as trustee, bought, bidding a sitfficiént sum to- satisfy the previous execution lien of above bank. Nó oné testified that, the purchase was made with a fraudulent purpose. The circumstances in evidence are consistent with the legal presumption that the purchase was made with honest purpose on the part of Carter and Engle, that is, for the purpose of protecting a junior lien.
The third store, as stated, was purchased by Carter, as trustee, on- the execution in favor of Engle Brothers Exchange Bank. No one testified that the purchase was made with other than honest intent. The circumstances here too are consistent with the legal presumption of honesty in this transaction.
*159 As to the testimony excluded, it all went to corroborate Rudowsky upon points pot connecting Engle or Carter in any way with the fraudulent scheme' alleged to have been concocted between Hudgins and Rudowsky. It did not supply the case in a particular wherein it was fatally defective, that is, a showing of participancy upon the part of defendants, Carter and Engle, in the alleged fraud. It is not necessary therefore to consider whether error was committed in its rejection. The trial court after hearing the evidence found that neither Carter nor Engle was a party to the alleged fraud. We think this finding correct, and that the judgment below was right.
Judgment affirmed. Affirmed.